JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMANTHA A. BURNETT, | ) | Case No. CV 14-00291 DDP (PLAx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| NORTHWEST TRUSTEE SERVICES, INC., | ) | [Dkt. Nos. 9, 11] |
| Defendant. | ) | |

Presently before the court is Defendant Northwest Trustee Services, Inc. ("Northwest")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.[1]

**I. Background**

As described in Northwest's motion, and undisputed by Plaintiff, in 2007 Plaintiff obtained a loan secured by a Deed of Trust to property located at 811 North Albertson Avenue in Compton, California. In August 2013, Northwest recorded a Notice of

---

[1] The court construes pro se Plaintiff Samantha Burnett's "Notice of Motion to Deny Defendant's Motion" (Dkt. No. 11) and "Response to Defendant's Reply" (Dkt. No. 16) as an opposition to the motion.

Default, and in December 2013 recorded a Notice of Trustee's sale. The sale took place in January 2014.

Plaintiff then filed the instant complaint against Northwest alleging causes of action for (1) "Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents" and (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Northwest now moves to dismiss.

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

2

give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.   Negligence

"The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." Castellon v. U.S. Bancorp., 220 Cal. App. 4th 994, 998 (2013). Whether a duty exists is a question of law, dependent upon a balancing of factors including "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the conduct and the injury, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community . . . ." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998). There can be no negligent supervision, however, without "knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised." Noble v. Sears, Roebuck & Co., 33 Cal. App. 3d 654, 664 (1973). There can be no liability for negligent hiring unless the employer knows, "or has reason to believe[,] the employee is unfit or fails to use reasonable care to discover the employee's unfitness before hiring him." Juarez v.

3

1 Boy Scouts of Am., Inc., 81 Cal. App. 4th 377, 398 (2000) (internal
2 quotation and citation omitted).
3   The Complaint does not allege that Northwest owed any duty to
4 Plaintiff in its hiring of its employees, agents, or others. Nor
5 does the complaint allege facts sufficient to establish the
6 existence of a duty, damages, or Northwest's knowledge of its
7 employees' deficiencies. Accordingly, the first cause of action
8 must be dismissed.
9   B.  FDCPA
10  The Complaint appears to allege that Northwest violated the
11 FDCPA by attempting to collect on Plaintiff's home loan. The FDCPA
12 generally prohibits abusive, deceptive, and unfair debt collection
13 practices by "debt collectors." 15 U.S.C. § 1692. The term "debt
14 collector," however, does not apply to a mortgage service company,
15 and the FDCPA does not apply to foreclosure-related activities.
16 Lobato v. Acqura Loan Servs., No. 11cv2601 WQH, 2012 WL 607624 at
17 *5 (S.D. Cal. Feb. 23, 2012).
18  Northwest has submitted a substitution of trustee designating
19 Northwest as trustee to Plaintiff's Deed of Trust. (Northwest
20 Request for Judicial Notice, Ex. 4.) That substitution was
21 recorded in the Los Angeles County Recorder's Office on August 8,
22 2013. (Id.) Plaintiff does not dispute that the substitution was
23 recorded, but instead raises "the question as to the veracity and
24 validity of the documents . . . ." (Dkt. 11 at 2.) The complaint,
25 however, does not allege that Northwest recorded a fraudulent
26 substitution of trustee, nor would such a conclusory allegation
27 suffice. Plaintiff's FDCPA claim is, therefore, dismissed.
28 ///

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: February 9, 2015

DEAN D. PREGERSON
United States District Judge